# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DWAIN PELLEBON, Ph.D., )
)
        Plaintiff, )
)
v. ) Case No. CIV-14-82-D
)
STATE OF OKLAHOMA *ex rel.,* )
THE BOARD OF REGENTS OF THE )
UNIVERSITY OF OKLAHOMA, )
)
        Defendant )

## **ORDER**

Before the Court is Plaintiff's Motion to Remand [Doc. No. 5]. Defendant has responded [Doc. No. 6] and Plaintiff has replied [Doc. No. 8]. Also before the Court is Defendant's Motion to Stay Response Time [Doc. No. 7]. For the reasons set forth below, remand is required pursuant to 28 U.S.C. § 1447(c) because the Court lacks subject matter jurisdiction. Remand of the action moots Defendant's request for a stay.

**I.**     **Procedural History**

Plaintiff commenced its action against Defendant in the District Court of Cleveland County, State of Oklahoma with the filing of a Petition on December 4, 2013 [Doc. No. 1-2]. The Petition asserts two causes of action: (1) breach of contract; and (2) declaratory judgment. Plaintiff alleges that he held a tenure track assistant professor position at the University of Oklahoma. According to Plaintiff's allegations, Defendant forced his resignation on December 19, 2011, following his arrest on criminal charges for which he was later acquitted. Plaintiff alleges that at the time of his arrest he was "on family medical leave" from the University. Plaintiff alleges he was not an at-will

employee but had a protected property right in his employment pursuant to the Oklahoma and United States Constitutions. Plaintiff also alleges he was terminated without due process.

Defendant filed its Notice of Removal [Doc. No. 1] on January 27, 2014. Defendant states in its Notice that this Court has jurisdiction pursuant to 18 U.S.C. § 1331 and that "Plaintiff's right to relief requires resolution of a substantial question of federal law." *Id*. at 1. Defendant identifies the federal law as the Fourteenth Amendment to the United States Constitution. *Id*. at 2. In addition, Defendant states that "Plaintiff alleges one or more acts were taken against him while he was receiving benefits under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*" *Id*.

On February 3, 2014, Plaintiff filed an Amended Complaint [Doc. No. 4]. In the Amended Complaint, Plaintiff omits all reference to the United States Constitution. Instead, Plaintiff relies solely upon the Oklahoma Constitution as the basis for the due process protections that support Plaintiff's breach of contract claim. The two causes of action alleged remain the same: (1) breach of contract; and (2) declaratory judgment.

Simultaneously with the filing of an Amended Complaint, Plaintiff filed a Motion to Remand [Doc. No. 5]. In support of remand, Plaintiff relies upon the Amended Complaint and the fact that he has "removed all references to the Fourteenth Amendment of the United States Constitution [and] now seeks a declaration that he was entitled to due process pursuant only to the Oklahoma Constitution." *See* Defendant's Motion at 3. Plaintiff also contends the reference to "family medical leave" was intended "merely as factual background" and that he did not bring a claim under the Family and Medical Leave Act (FMLA). *Id*. He urges that the First Amended Complaint "does not allege any violation of the FMLA or seek any recovery thereunder." *Id*.

In its response, Defendant contends the Court's subject matter jurisdiction is governed by the pleading at the time of removal and, therefore, the Amended Complaint is not dispositive. Defendant contends that in the state court Petition "Plaintiff affirmatively sought a court order declaring his rights under federal law" and that both of the causes of action are premised on what Plaintiff alleges to be "a federally protected constitutional right to continued employment and procedural due process." *See* Defendant's Response at 4. Defendant acknowledges the Amended Complaint omits all federal claims in this action but requests that if the Court finds removal was proper, the Court continue to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims. *Id*.

In his reply, Plaintiff contends the claims as alleged in the state court Petition did not require "resolution of a substantial question of federal law" and, therefore, at the time of removal, this Court did not have federal question jurisdiction. Instead, Plaintiff contends the due process rights that support the breach of contract claim arise under well-settled federal law, not subject to any legitimate dispute. Further, Plaintiff contends whether he had a right to a pre-termination due process hearing is a matter of state, not federal law. Alternatively, Plaintiff contends even if the Petition supports the Court's exercise of subject matter jurisdiction, due to the Amended Complaint and the omission of any federal claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## II. Discussion

To invoke a federal district court's removal jurisdiction, a defendant must show that the court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Here, Defendant removed on the

basis of federal question jurisdiction. A defendant seeking removal and opposing remand bears the burden of establishing proper jurisdiction. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001). Moreover, "[w]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin*, 251 F.3d at 1289-90 (addressing issue in context of diversity jurisdiction).

Federal question jurisdiction exists in "all actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law within the meaning of § 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that a plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law embedded in the plaintiff's state-law claims. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 688-90 (2006).

As Defendant correctly argues, the propriety of removal is determined by examining the allegations in Plaintiff's Petition at the time of removal. *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488-89 (10th Cir. 1991). Even if a plaintiff does not expressly reference a federal law or constitutional provision in the complaint, federal question jurisdiction is present where his right to relief requires "resolution of a substantial federal question." *Schmeling v. Nordam*, 97 F.3d 1336, 1339 (10th Cir.1996) (citations omitted). Additionally, "federal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court." *Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir.1998) (citations omitted); *see also Holden v. Goodyear Tire & Rubber Co.*, 1999 WL 280417 at *1 (D. Kan. Apr. 19, 1999).

Contrary to Defendant's contention, however, the state court Petition does not purport to state a claim under the FMLA and subject matter jurisdiction does not exist on the sparse allegation

4

that Plaintiff was on "family medical leave" at the time of his termination. *See Warner Bros. Records, Inc. v. R.A. Ridges Distributing Co.,Inc.*, 475 F.2d 262, 264 (10th Cir. 1973) ("It is for the plaintiffs to design their case as one arising under federal law or not, and it is not within the power of the defendants to change the character of plaintiffs' case by inserting allegations in the petition for removal.").

The Court further finds that reference to federal due process protections in support of Plaintiff's claims for breach of contract and declaratory judgment does not implicate a *substantial* question of federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313 (2005) ("[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."). As the Supreme Court has stated:

> "[F]ederal issue" [is not] a password opening federal courts to any state action embracing a point of federal law. Instead, the question is, does a state claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

*Grable*, 545 U.S. at 314.

"In the employment context, a property interest [for due process purposes] is a legitimate expectation in continued employment." *Hesse v. Town of Jackson, Wyo.*, 541 F.3d 1240, 1245 (10th Cir.2008) (quotation omitted). Whether such a property interest exists is determined by looking to state law. *Id*. A property interest may be created based on "tenure, a contract for a fixed term, an implied promise of continued employment, or if state law allows dismissal only for cause or its equivalent." *Darr v. Town of Telluride, Colo.*, 495 F.3d 1243, 1251 (10th Cir. 2007) (citations omitted). "Tenured professors in Oklahoma possess a property interest in their continued

employment that is protected by the Due Process Clause." *Bunger v. University of Oklahoma Bd. of Regents*, 95 F.3d 987, 990 (10th Cir. 1996).

Plaintiff's breach of contract and declaratory judgment claims do not rise and fall on the merits of his federal due process allegations. Instead, the due process protection to which he claims entitlement is an element of Plaintiff's state law claims.

Moreover, Plaintiff specifically alleged the Oklahoma Constitution's due process protections as an alternate source supporting his state law claims. Under these circumstances, the presence of a federal issue is inadequate to confer jurisdiction. *Compare Drake v. Cheyenne Newspapers, Inc*. 842 F. Supp. 1403, 1412 (D. Wyo. 1994) (defendant failed to meet burden of establishing removal was proper based on federal question jurisdiction; First Amendment to the United States Constitution "was not even an essential element" of the plaintiffs' state law claim for wrongful discharge where plaintiffs could alternatively rely on the Wyoming Constitution as their source of public policy). *See also Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 760-61 (6th Cir. 2000) (where plaintiff alleged "alternate state and federal policies to support his state-law wrongful discharge claim" the complaint did not state a federal cause of action sufficient to support removal). Accordingly, the Petition does not allege a claim arising under federal law and a remand is required pursuant to 28 U.S.C. § 1447(c).[1]

---

[1] Even if the claims as alleged in the state court Petition at the time of removal did arise under federal law and sufficiently raise a substantial disputed issue of federal law, Plaintiff's Amended Complaint removes all reference to "family medical leave" and the Fourteenth Amendment's due process protections. Thus, the Court would decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c). *See also Barlow v. C.R. England, Inc.*, 703 F.3d 497, 511 (10th Cir. 2012) (where a district court has dismissed all claims over which it has original jurisdiction, whether to exercise supplemental jurisdiction over remaining state law claims is within the court's discretion); *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (internal quotation omitted).

**III.    Plaintiff's Request for Costs and Attorney Fees**

In his Reply, Plaintiff seeks an award of costs and attorney fees incurred as a result of the removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Whether to award such fees depends on the reasonableness of the removing party's actions. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Plaintiff requests costs and fees in conclusory fashion and without specifically addressing, in the context of the fee request, why Defendant's efforts to remove were not reasonable. Although Defendant's efforts have been ultimately unsuccessful, the Court declines to find those efforts were objectively unreasonable. Therefore, the Court denies Plaintiff's request for an award of costs and attorney fees.

**IV.    Conclusion**

Having reviewed the allegations in the state court Petition and the parties' arguments in their respective briefs, the Court concludes a remand is required. Plaintiff's allegations in the state court Petition do not require the resolution of a substantial federal question. Therefore Plaintiff's claims do not arise under federal law and federal question jurisdiction is lacking. In any event, Plaintiff having now removed allegations regarding federal law by amendment, the Court would decline to exercise supplemental jurisdiction over the remaining state law claims.

Plaintiff's Motion to Remand [Doc. No.5] is GRANTED and Plaintiff's Motion to Stay Response Time [Doc. No. 7] is DENIED as moot.

IT IS SO ORDERED this 5th day of March, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE